PER CURIAM.
Appellant was defendant in a mechanic’s lien foreclosure suit. It urges that the chancellor erred in several particulars in the application of the law to the findings of fact. We have examined appellant’s contention in each instance and do not find error.
Without discussing each contention, it may be pointed out that we considered the pivotal proposition to be that the chancellor having chosen to believe the testimony that the agreement between the defendant and the plaintiff was a direct promise to pay, the contract cannot be said to be within the purview of the Statute of Frauds, F.S.A. § 725.01. See Foley Lumber Co. v. Koester, Fla.1952, 61 So.2d 634, 639; First Nat. Bank of Tampa v. Southern Lumber & Supply Co., 106 Fla. 821, 145 So. 594, 597.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.