455 So.2d 615 (1984)
Harry SNOW and Lucy Snow, Appellants,
v.
John D. ROSSE, Appellee.
No. 83-1114.
District Court of Appeal of Florida, Fourth District.
September 12, 1984.
John D. Cassels, Jr. of Law Office of John D. Cassels, Jr., Okeechobee, for appellants.
*616 Richard B. Kay, North Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from an order which awarded an attorney's fee of $4,000 pursuant to section 57.105, Florida Statutes (1983), against mortgagees who unsuccessfully sought to foreclose a purchase money mortgage against the parties who acquired the subject property from the original mortgagors. We reverse.
Although we have no transcript of the hearing on the motion for the attorney's fee, we do not need it because paragraph 3 of the motion recites the basis for the award:
3. The evidence presented by the Defendant, JOHN D. ROSSE, at trial indicated that the Plaintiffs claims that they did not receive mortgage checks for the months of July and August, 1981, were totally baseless, false in fact, and a sham, thus giving rise to a complete absence of a justiciable issue of law or fact by the Plaintiff. The evidence indicated quite clearly that the Defendant had tendered payments through Mrs. Mary Provost, for the months of July and August, 1981. Copies of the face of those checks, pursuant to Mrs. Provost's records were presented as evidence, along with the original of the check registers indicating the checks to the Plaintiff were written on time and mailed to the Plaintiffs at their address in Stroudsburg Pennsylvania. Further, the testimony of Mrs. Provost and her husband, Norwood Provost, indicated that both had spoken to the Plaintiff, HARRY SNOW, and MR. SNOW had indicated to them that he had received the said checks but was not going to cash them. The testimony from the Plaintiff himself indicated that he was angry over not being notified of the sale of the property and wanted to be paid off in full.
Our review of the transcript of the trial, as well as the pleadings, order on summary judgment and affidavits submitted for and against appellee's motion for summary judgment, reveals that this is a garden variety lawsuit in which one of the plaintiffs testified everything was black and the defendants' key witness testified it was white. Permitting a fee award under section 57.105 in that kind of a lawsuit because the trial judge does not believe the plaintiff who initiated the action is telling the truth, would be, in our opinion, taking the statute down a road never contemplated by the legislature; namely, Swearing Match Lane.
The facts show that the real estate broker responsible for making the mortgage payments for the new purchasers of the subject property and collecting income therefrom testified that she timely sent two monthly checks to Pennsylvania where the mortgagee resided. She further testified to a telephone conversation with the mortgagee thereafter wherein he allegedly acknowledged that he had received the checks and was not going to cash them because he was angry about the sale of the property and wished to be paid in full for the mortgage indebtedness. The broker's husband similarly testified that the mortgagee acknowledged in a telephone conversation that he had received the checks in question. The trial judge undoubtedly believed that the mortgagee wanted the unpaid balance paid for no other reason than the low interest, 7%, and lengthy amortization, ten remaining years.
The mortgagee testified at trial as well as swearing by affidavit in opposition to the mortgagors' motion for summary judgment  which the trial court denied  that he never received the two checks. He further denied telling the broker he had received the checks and described their telephone conversation as relating to a fire on the premises and an insurance check resulting therefrom.
The American patriot, Thomas Paine, said:
But such is the irresistible nature of truth, that all it asks, and all it wants, is the liberty of appearing.
The appearance of truth in a courtroom can often be a matter of perception. Perhaps more important, we cannot think of *617 many worse failures in the test of honor than the lie or fabrication; and because the badge of "liar" is such a chilling, despicable epithet, it seems only fitting that the proof of such stigma be overwhelming. Here, an interested witness, the broker responsible for the payments, gave her version of the facts, as did her husband. There is no certified mail, return receipt stamp to reflect receipt. In fact the only documentary evidence is the little starter kit that a bank gives a new customer opening an account, which reflects entries by the broker in chronological fashion, including the subject checks. In short, it is one thing for a fact finder to disbelieve a plaintiff; but it is quite another not only to find against him but also to brand his forehead with "L" in the form of a $4,000 penalty.
We can envisage an appropriate case, in which the proof of a fabricated action or defense is overwhelming, where such penalty could withstand review. In this case, however, both Pennsylvania and Florida lawyers, in addition to the trial judge, were told the same story by their mortgagee client. In these circumstances, it seems onerous enough to lose because of the trial court's disbelief in the mortgagee's story, without the additional embarrassment of being taxed with attorney's fees, when the proof of fabrication is not overwhelming, and the record does not reflect recklessness and gullibility on the plaintiff's attorneys' part.
Ironically, we shall never know if the mortgagors would ever have raised this issue had not the instrument involved been the office form note and mortgage providing for an attorney's fee only for the mortgagee.
ANSTEAD, C.J., dissents with opinion.
LETTS, J., concurs specially with opinion.
ANSTEAD, Chief Judge, dissenting.
After sitting through a bench trial the trial judge determined, based upon his evaluation of the credibility of the witnesses, that the testimony of the appellant, Harry Snow, that he had not received the relevant mortgage payments was false. There is an abundance of evidence in the record to support this determination, including the direct testimony of two witnesses that Snow had admitted to them that he had received the payments. Surely, a false claim is a frivolous one. For that reason I would sustain the award of attorneys' fees under section 57.105. See, e.g., Stivarius v. DiVall, 106 Wis.2d 770, 318 N.W.2d 25 (1982).
LETTS, Judge, specially concurring.
I would concur without comment, but for the dissent.
To explain, I am apprehensive that the dissent may be cited as support for the proposition that any time a trial judge passes on the credibility of witnesses, the court's preference may activate the allowance of fees under Section 57.105. As I read Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla. 1982), that would not be possible save in the most exceptional circumstances not in my opinion present in the instant case.