SCHEB, Judge.
Appellant Schultz contends the trial court erred in awarding appellees a judgment for attorney’s fees on the basis that his defense raised no justiciable issue. We agree and reverse.
Appellees, plaintiffs below, sued Schultz, the Pinellas County Property Appraiser. Plaintiffs challenged the property appraiser’s 1980 assessment of certain condominium units they owned. They contended his assessments were improper under section 193.011, Florida Statutes (1979), which required consideration of eight different factors in determining just valuation. After a nonjury trial the judge agreed with the plaintiffs. On appeal this court affirmed without opinion. Schultz v. Williams, 446 So.2d 112 (Fla. 2d DCA 1984).
Subsequently, the plaintiffs moved to assess attorney’s fees against Schultz under section 57.105, Florida Statutes (1983). They alleged that there was a complete absence of justiciable issues of either law or facts raised by Schultz in his defense to their suit. After hearing, the trial judge agreed and awarded the plaintiffs $6,800. This appeal ensued.
The principal litigation centered on plaintiffs’ claims that the assessments certified by Schultz, as property appraiser, on the 1980 tax rolls, did not represent a just valuation. Plaintiffs claimed that their *1348 properties were not being treated equally in relation to other similarly situated properties. They contended that Schultz did not properly consider the statutory factors required in reference to the use and character of individual properties. Instead, they alleged that he relied entirely on one factor, i.e., the sale or purchase price. Considerable discovery was undertaken and several witnesses gave conflicting testimony at trial. Ultimately, as noted, the plaintiffs prevailed.
Since the legislature enacted section 57.-105 in 1978, numerous decisions have emphasized that the statute must be strictly construed and must not be extended to every case and every unsuccessful litigant. See, e.g., Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982). Thus, we have vacated an award of attorney’s fees where we have found that the losing party’s action was not clearly devoid of merit both on the facts and law as to be completely untenable. United Companies Financial Corp. v. Hughes, 460 So.2d 585 (Fla. 2d DCA 1984). See also Braden River Civic Ass’n v. Manatee County, 403 So.2d 1007 (Fla. 2d DCA 1981); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), petition for review denied, 392 So.2d 1373 (Fla.1980).
Schultz, as property appraiser, is responsible for defending the county's tax roll. § 194.181, Fla.Stat. Here, after assessing the plaintiffs’ properties, those assessments were subsequently upheld by the property appraisal board. Given the approval of Schultz’s assessments by that board, it would be difficult to find that it was inappropriate for him to at least initially defend the assessments on the county’s tax rolls.
Plaintiffs urge, however, that even if an initial defense was appropriate, Schultz asserted a baseless defense concerning his compliance with the statutory mandates for determining just valuation.
As previously noted, considerable conflicting testimony was presented. Even at the conclusion of the trial, the court apparently had not reached a decision. The trial judge required counsel for both parties to submit proposed findings of facts and conclusions of law. The judge then entered his final judgment in favor of the plaintiffs. That judgment included a ten-page analysis of the application of the facts to each of the criteria set forth in section 193.011.
Trial courts must be cautious not to award attorney’s fees under section 57.105 merely because a party’s defense is unavailing. Here, the issues were resolved against Schultz. Yet, after an examination of the record, we cannot say that his defense of his method of assessment of apartment units converted to condominiums was wholly without merit.
Finally, we are concerned with appellees’ suggestion that Schultz has continued to maintain the same position that the court overruled in the principal litigation. Thus, appellees suggest that it has become necessary for the taxpayers to file additional suits to obtain benefits of the judgment entered by the trial court and affirmed by this court. If correct, this could, of course, have a significant bearing on whether attorney’s fees should be awarded to subsequently prevailing parties in similar litigation. On this point we can only observe that this case appears to have been the first where Schultz litigated the issue concerning applicability of the statute to apartment buildings which have been converted into condominiums. Nothing in the record indicates to us that in the principal case he was attempting to relitigate issues identical to the issues previously ruled adversely to him. Cf. O’Brien v. Brickell, 457 So.2d 1123 (Fla. 3d DCA 1984).
Accordingly, we vacate the award of attorney’s fees entered below. Likewise, we deny appellees’ motion for assessment of attorney’s fees on appeal filed under section 57.105 and Florida Rule of Appellate Procedure 9.140.
GRIMES, A.C.J., and OTT, J., concur.