NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| CHERYL M. HELDT-POPE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-161 |
| | ) | |
| THOMAS G. THIBAULT, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed November 13, 2015.

Appeal from the Circuit Court for Pinellas
County; Mark I. Shames, Judge.

Daniel B. Schuh of Schuh & Schuh
Attorneys, St. Petersburg, for Appellant.

Howard H. Ellzey, St. Petersburg, for
Appellee.


LaROSE, Judge.

Cheryl M. Heldt-Pope appeals a final order awarding Thomas Thibault

attorney's fees and costs under section 57.105(1), Florida Statutes (2011). The statute

operates to sanction the presentation of unsupported claims or defenses. The trial court

awarded sanctions because Ms. Heldt-Pope asserted a constructive trust counterclaim

that could not satisfy the statute of frauds. See § 725.01, Fla. Stat. (2011) (requiring, in

pertinent part, that a contract relating to land, or an interest therein, must be in writing,

signed, and lawfully authorized).  We have jurisdiction.  <u>See</u> Fla. R. App. P.

9.030(b)(1)(A).  We must affirm the seemingly high fee award of more than $22,000, but

we reverse the costs award.

Section 57.105(1) provides:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

We can summarize the facts underlying this dispute succinctly.  Ms. Heldt-

Pope and Mr. Thibault shared a home beginning in 2008.  Mr. Thibault had purchased

the home and title was in his name.  Ms. Heldt-Pope claimed that she contributed

significant monies to purchase and maintain the property.  In 2012, Mr. Thibault filed a

lawsuit to eject Ms. Heldt-Pope from the property.  She answered the complaint and

filed a counterclaim for imposition of a constructive trust over the property.  In response,

Mr. Thibault filed his section 57.105(1) fee sanction motion, after giving Ms. Heldt-Pope

the required twenty-one-day notice under section 57.105(4) to withdraw her

counterclaim.  She took no action.  Indeed, she failed to take advantage of the safe

harbor provision of section 57.105(4) after proper notice by Mr. Thibault.

> Florida's statutory twenty-one-day safe harbor provision is nearly identical to its federal counterpart . . . and we interpret

this state's provision similarly. If the plaintiff does not file a notice of voluntary dismissal or withdraw the offending pleading within twenty-one days of a defendant's request for sanctions under section 57.105, the defendant may file the sanctions motion with the trial court, whereupon the trial court will have continuing jurisdiction to resolve the pending motion and to award attorney's fees under that provision if appropriate, regardless of the plaintiff's subsequent dismissal.

Pino v. Bank of New York, 121 So. 3d 23, 42-43 (Fla. 2013).

On the day set for trial, Mr. Thibault voluntarily dismissed his ejectment action as moot. Ms. Heldt-Pope followed by voluntarily dismissing her counterclaim. Subsequently, the trial court heard Mr. Thibault's section 57.105(1) fee motion and granted him the requested relief against Ms. Heldt-Pope.[1] For reasons not disclosed in our record, the trial court did not hold her lawyer responsible for any of the fees. Curiously, if the trial court made the award based on the filing of a counterclaim that could not withstand a statute of frauds defense, one would expect that the lawyer would have been responsible for some portion of the fee award. The trial court denied Ms. Heldt-Pope's rehearing motion.[2]

Ms. Heldt-Pope argues that any entitlement Mr. Thibault might have had to section 57.105(1) fees vanished once she voluntarily dismissed her counterclaim.

---

[1]The motion for section 57.105 sanctions also included a claim that Ms. Heldt-Pope has raised meritless affirmative defenses to Mr. Thibault's claim, primarily claiming that Mr. Thibault had denied her access to her personal property inside the home. Conceivably, the trial court awarded a sanction for matters arising from the ejectment action even though it was voluntarily dismissed.

[2]The transcript in our record is that only of the rehearing motion. Ms. Heldt-Pope did not provide transcripts of the original motion hearing. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (explaining that without a complete record, an appellate court cannot properly resolve underlying factual issues so as to conclude that a trial court's judgment is unsupported by evidence).

She is mistaken. "A notice of voluntary dismissal does not divest a trial court of jurisdiction to award sanctions under section 57.105 . . . even after a voluntary dismissal is taken." Pino, 121 So. 3d at 41.

Based on our limited record, we can find no abuse of discretion by the trial court in awarding, what we sense is a generous amount of, attorney's fees under section 57.105. See Siegel v. Rowe, 71 So. 3d 205, 210-11 (Fla. 2d DCA 2011) (explaining that an appellate court reviews a trial court's ruling regarding lack of evidence to support a claim and the award of section 57.105(1) fees for abuse of discretion). Accordingly, we affirm the fee award. However, section 57.105(1) does not provide for the award of costs. Id. at 210 n.2, 214. We reverse the cost award.

We are compelled to note that the lack of a transcript makes this case very difficult to assess on appeal. Although we remain concerned with the amount and allocation of the fee award, the record before us does not demonstrate error on that point.

Affirmed in part, reversed in part, and remanded with directions to strike the award of costs.

ALTENBERND and KELLY, JJ., Concur.