NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARIE CASEY; BRIAN P. BATTAGLIA, )
ESQUIRE; BATTAGLIA, ROSS, )
DICUS & McQUAID, P.A.; ALAN M. )
GROSS, ESQUIRE; and ALAN M. )
GROSS, P.A., )
)
      Appellants/ )
      Cross-Appellees, )
)
v. )      Case No.   2D14-3491
)
PEGGY ANN JENSEN, )
)
      Appellee/ )
      Cross-Appellant, )
)
and )
)
MARTHA BOMBARDI, )
)
      Appellee. )
_____)

Opinion filed March 23, 2016.

Appeal from the Circuit Court for
Pinellas County; Lauren C. Laughlin,
Judge.

Timothy W. Weber and Joseph P.
Kenny of Weber, Crabb & Wein, P.A.,
St. Petersburg, for Appellants/Cross-
Appellees.

Joseph W. Fleece, Clearwater, for
Appellee/Cross-Appellant Peggy Ann
Jensen.

Robert Persante, Zackary T. Zuroweste, and Darren M. Stotts of The Persante Law Group, P.A., Clearwater, for Appellee Martha Bombardi.

KELLY, Judge.

This appeal arises from a final judgment awarding attorney's fees against appellant Marie Casey and her attorneys following her unsuccessful attempt to reestablish a lost will purportedly executed by her late husband. Casey's petition survived a motion for summary judgment and a motion for involuntary dismissal during trial; however, at the conclusion of the trial the court was not persuaded by her evidence and it denied her petition. Appellees, Peggy Ann Jensen and Martha Bombardi, who had opposed the petition, then sought fees pursuant to section 57.105, Florida Statutes (2010). Finding Casey's claim without adequate factual support, the trial court granted Bombardi's motion for section 57.105 fees. The trial court denied Jensen's motion for section 57.105 fees on procedural grounds, a ruling Jensen has challenged in her cross-appeal.

On appeal, Casey challenges the award of section 57.105 fees to Bombardi on substantive and procedural grounds. We conclude the trial court erred when it found Casey's petition was without adequate factual support and accordingly reverse. In light of this, we do not address Casey's argument that Bombardi's motion was procedurally defective. As to the cross-appeal, we conclude that even if the trial court had erred in finding that Jensen's motion was procedurally deficient, a matter we

do not reach, any error was harmless because Jensen's motion, like Bombardi's, was based on section 57.105 and an award pursuant to that statute would have been erroneous.

To succeed on her petition, Casey needed to establish her late husband, Daniel Casey, in fact executed a will.[1]  At the outset of the litigation, Casey relied on the affidavits of Glenn Brown, the attorney who had prepared a will for her late husband in 1988.  In the affidavits, Brown stated that Daniel had executed the will in early 1989 before a notary and two witnesses.  He also swore it was his routine practice to keep the original will in his office but he could not locate it because he had retired in 2005 and his files had been destroyed.

Brown was later deposed and his deposition, which was read at trial, confirmed the accuracy of the affidavits except to say that he kept conformed copies of wills, not originals.  Brown testified that he specifically recalled preparing the will, but he did not have a specific independent recollection of seeing Daniel sign it in front of him, although he believed Daniel came to his office to sign the will in early 1989:

> Q:  Do you have any doubt that in early 1989 Daniel Casey came into your office, in your presence, your secretary's presence, in the presence of at least one (1) other person, and—when he executed the will in your office?
>
> A: That's a difficult question to answer.  I think what I was trying to say earlier was that my recollection was that Dan came in and signed it.  That was my recollection.  And did I—do I specifically recall sitting down watching him sign it?  No.  I, I believe—now that's just a belief and it's certainly not proof beyond a reasonable doubt—but I, I believe, or I wouldn't have signed this [affidavit], that Dan came in and—

---

[1]We recognize Casey had other hurdles to overcome in order to prevail, but the absence of proof of execution was the specific failing the appellees raised in support of their motion for section 57.105 attorney's fees.

- 3 -

* * * *

I believe—now, that's just my belief—I believe that Dan came in and signed this Will. And the reason I believe that is that he was, he was concerned about getting it done, so—and we went into a lot of detail on this. And I knew the history of his brother and what he had done, you know as far as writing "Grease." But I have no mathematic—I wouldn't say with mathematical certainty.

This passage was the basis for the appellees' contention that they were entitled to fees under section 57.105.

Section 57.105(1), Florida Statutes (2010), provides:

Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

Section 57.105 requires a court to award a reasonable attorney's fee when it finds the losing party or the losing party's attorney knew or should have known that a claim was not supported by the material facts necessary to establish it. Id. "A claim is 'supported by the material facts' within the meaning of the statute when 'the party possesses admissible evidence sufficient to establish the fact if accepted by the finder of fact.' " Siegel v. Rowe, 71 So. 3d 205, 211 (Fla. 2d DCA 2011) (quoting Albritton v. Ferrera, 913 So. 2d 5, 8 n.1 (Fla. 1st DCA 2005)).

We conclude that under the circumstances of this case, the trial court abused its discretion in awarding fees against Casey and her attorneys. As in <u>Siegel</u>, we need look no further than the trial court's own comments to support our conclusion. <u>See</u> <u>id.</u> at 212.

In denying the motion for involuntary dismissal during the trial, the court stated:

> Obviously the appellate court[s] are loathe to approve grant [sic] of involuntary dismissals. They tend to side on having the cases tried on their merits.
>
> In this case, although the evidence on one side is certainly thin, I'm going to deny the motion for involuntary dismissal and allow all of the evidence to be considered in this case.
>
> Not being allowed to determine weight, and I have some concerns about the <u>Kero</u>[2] case, but I have not in my own mind made up my mind what that means, what that case means.

In its ruling on the motion for attorney's fees, the trial court stated:

> In the instant case the petitioner's attorneys may have reasonably believed that their claim had merit when it was filed, based upon Mr. Brown's affidavits. The court observes that Mr. Brown's later deposition revealed it had no merit. The court notes that the tentative nature of his deposition testimony differed greatly from the emphatic nature of his statements in both affidavits. Since he did not testify at trial, his deposition testimony offered at trial was his last statement on the signing of the will.
>
> * * * *
>
> Instead of acknowledging the absence of any competent evidence of execution, the petitioners continued to maintain

---

[2]<u>In re Estate of Kero</u>, 591 So. 2d 675 (Fla. 4th DCA 1992), was cited to the trial court by Casey for the proposition that an unsigned copy of the original will is sufficient to constitute a correct copy for the purposed of establishing the contents of a lost will and that the testimony of the drafting attorney was sufficient to establish a lost will.

in their arguments and pleadings that the will had been executed. To establish a lost or destroyed will so as to entitle it to probate, there must first be sufficient evidence of its due execution and, prior existence. As stated in the probate rules: "In all proceedings contesting the validity of a will, the burden shall be upon the proponent of the will to establish prima facie its formal execution and attestation." Fla. Prob. R. 5.275. Prima facie evidence is evidence sufficient to establish a fact unless and until rebutted. State v. Kahler, 232 So. 2d 166, Fla. 1970 [sic]. The evidence must be competent and substantial. In order to be competent and substantial, the evidence must be credible; the memories of the witnesses must be clear and unconfused; the facts must be distinctly remembered and the testimony must be precise and explicit. In Re Davey, 645 So. 2d 398 (Fla. 1994). The testimony of Mr. Brown did not approach a competent and substantial standard.

Initially, we note that the trial court evaluated whether Casey presented competent, substantial evidence using the standard for determining whether evidence is clear and convincing. Section 57.105(1) only requires that a claim be supported by "material facts," which we have described as facts sufficient to establish a fact if accepted. See Siegel, 71 So. 3d at 211. The trial court's pronouncement also reflects it had ultimately rejected Brown's testimony because he seemed tentative in comparison to his earlier affidavits. In other words, Casey presented evidence in the form of Brown's recollection, and the trial court weighed it and ultimately rejected it. This is also reflected in the trial court's order rejecting Casey's petition where it references Brown's lack of "conviction" that the will was ever signed.

While the facts in this case are not as clear-cut as those in Siegel, we nevertheless find that as in that case, the record here cannot support a conclusion that Casey had no evidence to support her claim. Rather, she presented evidence that if accepted would have established that Daniel had executed the will. Finally, we cannot

ignore the fact that the trial court denied both a summary judgment motion and a motion for involuntary dismissal at trial. We cannot reconcile the trial court's finding that Casey and her attorneys should have known her claim was without factual support with the fact that the trial court found her claim sufficient to survive both motions. For all these reasons, we conclude the trial court abused its discretion when it awarded section 57.105 fees against Casey.

Because of our resolution of this issue, it is unnecessary to reach the procedural issues raised in the appeal and the cross-appeal. Our conclusion that Casey's claim did not meet the standard for imposing fees under section 57.105 necessarily requires that we reject Jensen's alternative argument on cross-appeal that the trial court should have exercised its inherent authority to sanction a party for bad faith litigation. Accordingly, we affirm the denial of attorney's fees to Jensen and reverse the portion of the final judgment that awards attorney's fees in favor of Bombardi.

Affirmed in part; reversed in part.

VILLANTI, C.J., and LUCAS, J., Concur.