DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LILIANA M. CADAVID** and **LOUIS M. BARRIOS-BALBIN,**
Appellants,

v.

**DANIEL SAPORTA,**
Appellee.

No. 4D21-1717

[August 3, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stefanie C. Moon, Judge; L.T. Case No. DVCE19-6110.

Louis M. Barrios-Balbin of Barrios-Balbin, P.A., Coral Gables, for appellants.

Justin Zeig and Shelby Schwartzberg of Zeig Law Firm, PLLC, Hollywood, for appellee.

LEVINE, J.

Liliana Cadavid and her counsel, Louis Barrios-Balbin, appeal a final judgment awarding $21,410 in attorney's fees as sanctions against both of them, and in favor of Daniel Saporta. We reverse the trial court because the record does not contain, nor did the trial court rely on, "clear and convincing evidence that the petitioner knowingly made a false statement or allegation in the petition . . . with regard to a material matter," as required to impose sanctions under section 57.105(8).

Cadavid ("former girlfriend") and Saporta ("former boyfriend") had a relationship for many years. In August 2019, the former girlfriend filed a pro se, ex parte petition for injunction for protection against domestic violence against the former boyfriend. The petition alleged that in May 2019, the former boyfriend threatened: "You and your son might be found strangled floating in the lake, so consider yourself lucky." The petition alleged that the former boyfriend did not allow family members of the former girlfriend in the home. The petition also alleged that the former boyfriend drove by the residence where the former girlfriend was presently staying with her son. The trial court then issued a temporary injunction

under section 741.30, Florida Statutes (2020), and scheduled a hearing. Shortly thereafter, Barrios-Balbin entered an appearance as the former girlfriend's counsel.

The former girlfriend moved for enforcement of the temporary injunction, alleging that the former boyfriend violated the injunction by driving to her residence on two separate occasions and by inquiring about her with a third party. The former boyfriend filed a response opposing the motion for enforcement, claiming the allegations were false and attaching exhibits in support.

The former boyfriend served a motion for sanctions on the former girlfriend. The former girlfriend withdrew her motion for enforcement during the twenty-one-day safe harbor period. The former boyfriend subsequently filed the motion for sanctions with the court.

During a hearing on the injunction for protection, the former boyfriend denied threatening the former girlfriend and her son. The former boyfriend introduced evidence that the parties texted each other between May and August 2019. The former boyfriend testified that during this timeframe, the parties saw each other several times, the former girlfriend sought his assistance in finding an apartment to rent, and the former girlfriend left a note on his car saying that she missed him. The former boyfriend further testified that the former girlfriend owed him rent.

The former girlfriend testified that, in addition to threatening that she and her son might be found strangled in a lake, the former boyfriend also threatened to break her son's legs. She claimed that she met with the former boyfriend only once between May and August in a public place. She further claimed that the note which the former boyfriend introduced into evidence was from 2018, not 2019. The former girlfriend testified that she was afraid of the former boyfriend.

At the end of the hearing, the trial court found the evidence insufficient to issue an injunction and further found the former boyfriend's testimony credible and the former girlfriend's testimony "less so." The trial court entered an order assessing attorney's fees sanctions against the former girlfriend and her counsel pursuant to section 57.105, Florida Statutes (2020). The final judgment found that sanctions were appropriate based on "the petition, pleadings and trial testimony" because "it was not objectively reasonable for Petitioner to have fear for her own safety." In a footnote, the trial court stated: "The Court presumed all of the facts alleged in the Petition were true." The trial court found that the former girlfriend's true motivation for filing the action was "her finances and personal

property." The trial court recognized that the motion for enforcement of temporary injunction could not be the basis for sanctions because the former girlfriend withdrew the motion within the safe harbor time provision.

The trial court found that the former girlfriend was not "paralyzed by fear" because she (1) met with the former boyfriend in person on a weekly basis for months; (2) maintained consistent communication with the former boyfriend during the three-month period between when she alleged he threatened her and her son's lives and when she filed the injunction for protection; (3) enlisted the former boyfriend's assistance in finding a residence to relocate; (4) moved into a residence owned by the former boyfriend's relatives, managed by the former boyfriend, and located close to the former boyfriend's residence; and (5) left a note on the former boyfriend's car indicating that she missed him. Immediately after making these findings, the trial court stated: "Accordingly, this Court finds that Petitioner knowingly made false statements or allegations in the petition with regard to material matters as defined in §837.011(3), as required under §57.105(8), Florida Statutes." The trial court further found that the former girlfriend's counsel was equally liable for the former boyfriend's attorney's fees. As such, the trial court ordered that the former girlfriend and her counsel together pay the former boyfriend $21,410.

On appeal, the former girlfriend does not challenge the trial court's finding that she did not have an objectively reasonable fear of imminent danger of becoming the victim of an act of domestic violence. Rather, the former girlfriend and her counsel challenge only the trial court's award of attorney's fees as a sanction under section 57.105. The former girlfriend and her counsel argue that the trial court abused its discretion in assessing this sanction because there was not substantial competent evidence to constitute clear and convincing evidence that the former girlfriend made a false statement or allegation in the petition. We agree.

An order awarding section 57.105 attorney's fees is reviewed for abuse of discretion. *Davis v. Bailynson,* 268 So. 3d 762, 765 (Fla. 4th DCA 2019). "The trial court's finding must be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record." *Id.* (citation omitted).

Section 741.30(1)(a), Florida Statutes (2020), creates a cause of action for an injunction for protection against domestic violence on behalf of a household member who "has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence."

3

"When proceeding under this section, the danger feared [must] be imminent [and] the rationale for the fear must be *objectively* reasonable." *Mitchell v. Mitchell*, 198 So. 3d 1096, 1100 (Fla. 4th DCA 2016) (citation and internal quotation marks omitted) (alterations in original).  The trial court denied an injunction under this statute, but awarded attorney's fees as a sanction pursuant to section 57.105(1).

Section 57.105(1) states:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

The legislature enacted section 57.105 "to deter meritless filings." *Davis*, 268 So. 3d at 769 (citation omitted); *see also Yakavonis v. Dolphin Petroleum, Inc.*, 934 So. 2d 615, 619 (Fla. 4th DCA 2006) (recognizing that section 57.105 must be applied carefully to ensure that it deters frivolous pleadings).  Courts must apply section 57.105 with restraint to ensure that it "discourag[es] baseless claims without casting a chilling effect on use of the courts."  *Minto PBLH, LLC v. 1000 Friends of Fla., Inc.*, 228 So. 3d 147, 149 (Fla. 4th DCA 2017) (citation omitted).

In *Lopez v. Hall*, 233 So. 3d 451, 452 (Fla. 2018), the supreme court held that it is permissible to award fees under section 57.105 in actions for injunctions for protection against repeat, dating, or sexual violence.  Following the issuance of *Lopez,* the legislature amended section 57.105, effective October 1, 2019, to add subsection (8), which states as follows:

(8) Attorney fees may not be awarded under this section in proceedings for an injunction for protection pursuant to s. 741.30, s. 784.046, or s. 784.0485, *unless the court finds by clear and convincing evidence that the petitioner knowingly*

4

*made a false statement or allegation in the petition or that the respondent knowingly made a false statement or allegation* in an asserted defense, *with regard to a material matter* as defined in s. 837.011(3).

Laws 2019, c. 2019-167, § 4, eff. Oct. 1, 2019 (emphasis added).

"[C]ourts must first look to the actual language of the statute and examine the statute's plain meaning." *Bank of N.Y. Mellon v. Glenville*, 252 So. 3d 1120, 1127 (Fla. 2018) (citation and internal quotation marks omitted). Here, the legislature, through the plain language of the statute, has expressly limited the circumstances in which attorney's fees can be awarded in cases involving an injunction for protection against domestic violence, requiring a higher standard and level of proof. *See* § 57.105(8), Fla. Stat. (2020); *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So. 2d 362, 364 (Fla. 1977). Rather than just satisfying a preponderance of the evidence standard, *see S. Fla. Water Mgmt. Dist. v. RLI Live Oak, LLC*, 139 So. 3d 869, 872 (Fla. 2014), the more stringent clear and convincing evidence standard must be met.

This court has defined "clear and convincing evidence" as follows:

> [C]lear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.

*Slomowitz v. Walker*, 429 So. 2d 797, 800 (Fla. 4th DCA 1983); *cf. In Interest of L.T.*, 464 So. 2d 201, 202 (Fla. 5th DCA 1985) (recognizing that, in the context of proceedings relating to children, dependency requires proof only by a preponderance of the evidence, while termination must be established by stringent clear and convincing evidence standards).

In the instant case, the award of attorney's fees was not permitted under the plain language of the statute because the record did not contain "clear and convincing evidence" that the former girlfriend knowingly made a false statement or allegation in her petition with regard to a material matter. Significantly, the trial court did not identify any specific statement or allegation in the petition that it found by clear and convincing evidence to be false. Instead, the trial court determined only that the former

girlfriend was not paralyzed by fear. While this finding may support the denial of an injunction for protection under a preponderance of the evidence standard, it is insufficient to meet the heavy burden of supporting an award of attorney's fees under a clear and convincing evidence standard. Thus, the former girlfriend's mere failure to prove her case by a preponderance of the evidence does not satisfy the level of proof necessary to support an award of fees under section 57.105(8).

Although no case law has applied subsection (8) since its enactment in 2019, other cases applying the pre-2019 version of section 57.105 provide guidance. In *Snow v. Rosse*, 455 So. 2d 615, 616 (Fla. 4th DCA 1984), mortgagees sought to foreclose a purchase money mortgage against the parties who acquired the subject property from the original mortgagors. At trial, the plaintiff testified that he never received two checks and denied telling the broker responsible for making the payments that he had received them. *Id.* at 616. The broker testified that the plaintiff acknowledged receiving the checks but stated he was not going to cash them because he wanted to be paid in full. *Id.* The trial court denied foreclosure and awarded the defendant attorney's fees pursuant to section 57.105, finding that the plaintiffs' claim that they did not receive the mortgage checks was false. *Id.*

This court reversed the attorney's fees award, explaining:

> [T]his is a garden variety lawsuit in which one of the plaintiffs testified everything was black and the defendants' key witness testified it was white. Permitting a fee award under section 57.105 in that kind of a lawsuit because the trial judge does not believe the plaintiff who initiated the action is telling the truth, would be, in our opinion, taking the statute down a road never contemplated by the legislature; namely, Swearing Match Lane.

*Id.* The majority further stated that proof of a fabricated action needs to be "overwhelming" to support an award of attorney's fees under section 57.105. *Id.* at 617.[1]

*Trust Mortgage, LLC v. Ferlanti*, 193 So. 3d 997 (Fla. 4th DCA 2016), is also instructive. In that case, this court explained:

---

[1] We note that *Snow* involved a pre-1999 version of section 57.105. Before the 1999 amendment, section 57.105 required a party to show "a complete absence of a justiciable issue of either law or fact." Laws 1999, c. 99-225, § 4, eff. Oct. 1, 1999; *Davis v. Bailynson*, 268 So. 3d 762, 768 (Fla. 4th DCA 2019).

Appellant's lack of concrete proof of [an alleged] fact at the time of filing does not mean its complaint was frivolous. A party does not need to have conclusive evidence to prove its case at the time of filing in order to avoid sanctions. Instead, like here, where the party reasonably believes the factual basis for its claim exists, it is entitled to proceed with its claims and seek to prove those facts. If attempts to prove those facts are fruitless, that is still not cause for sanctions where the party's initial belief was well-founded. It is only in circumstances . . . where the party knew or should have known at the time of filing that the material facts were nonexistent that a claim is truly frivolous and worthy of sanctions.

*Id.* at 1001; *see also Siegel v. Rowe*, 71 So. 3d 205, 212 (Fla. 2d DCA 2011) ("Where, as in this case, the losing party presents competent, substantial evidence in support of the claims or defenses presented and the trial court determines the issues of fact adversely to the losing party based on conflicting evidence, section 57.105(1) does not authorize an award of attorney's fees against the attorney for the losing party and his or her client."); *Mullins v. Kennelly*, 847 So. 2d 1151, 1155 (Fla. 5th DCA 2003) (finding sanctions under section 57.105 inappropriate where the case was a classic "he said, she said," and the "[t]he fact that the witnesses provided contradictory evidence does not necessarily compel the court to the conclusion that the action lacked factual support").

In the instant case, we find the trial court similarly abused its discretion in awarding attorney's fees under section 57.105. In this case, the former girlfriend claimed that the former boyfriend made threats that caused her to believe she was in imminent danger of becoming the victim of domestic violence. The former boyfriend denied making the alleged threats. The trial court dismissed the temporary injunction, finding the evidence insufficient to support an injunction. In reaching this conclusion, the trial court found the former boyfriend's testimony to be credible and the former girlfriend's testimony to be less credible. Like *Snow*, it is a typical "garden variety lawsuit" petitioning for an injunction based on an alleged imminent danger of domestic violence. 455 So. 2d at 616. To permit a fee award under section 57.105 just because the court did not believe the former girlfriend was telling the truth, without specific falsehoods, would be "taking the statute down a road never contemplated by the legislature; namely, Swearing Match Lane." *Id.*

Further, this is not a case where the proof of fabrication was so "overwhelming" as to support an award of attorney's fees under section

57.105. *Id.* at 617. Rather, the trial court simply found that the former girlfriend did not have an objectively reasonable fear of imminent domestic violence. The former girlfriend's failure to prove her case, due to conflicting evidence in this case, is not a cause for sanctions. *See Ferlanti*, 193 So. 3d at 1001; *Siegel*, 71 So. 3d at 212; *Mullins*, 847 So. 2d at 1155.

Finally, the trial court's finding that the former girlfriend was not "paralyzed by fear" does not constitute clear and convincing evidence that she knowingly made a false statement or allegation in her petition. Additionally, we note that a footnote in the final judgment stated that "[t]he Court presumed all of the facts alleged in the Petition were true." This appears to be at odds with the trial court's finding that the former girlfriend knowingly made false statements and allegations in the petition. Simply put, the record does not contain clear and convincing evidence of false statements or allegations in the petition.

Because there is no competent substantial evidence of "clear and convincing evidence" of a false statement, the trial court erred in assessing attorney's fees against the former girlfriend. Because the trial court did not demonstrate clear and convincing evidence of false statements, the former girlfriend's attorney would have acted in good faith by relying on the former girlfriend's representations. *See* § 57.105(3)(b), Fla. Stat. (2020) (providing that monetary sanctions may not be awarded "against the losing party's attorney if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts"). Thus, the trial court also erred in assessing attorney's fees against the former girlfriend's counsel.

Accordingly, we reverse the award of attorney's fees to the former boyfriend.

*Reversed.*

GERBER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

8