PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to order a new *463 trial in this cause solely as to the plaintiff’s malicious prosecution and abuse of process claims. The trial court, in our view, committed reversible error in granting the defendant’s motion for directed verdict with respect to these claims. We cannot say, as the trial court concluded, that as a matter of law no damages were proven at trial on these claims. Although we agree that the proof of business losses in this case was, as presented, somewhat vague, we are nonetheless convinced that the other items of damages were sufficiently shown as to attorney fee costs, nominal damages and punitive damages so as to send this case to the jury. Adler v. Segal, 108 So.2d 773 (Fla.3d DCA), cert. denied, 113 So.2d 834 (Fla.1959); Burchell v. Bechert, 356 So.2d 377 (Fla. 4th DCA), cert. denied, 367 So.2d 1122 (Fla.1978); compare Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla. 4th DCA 1980).
The trial court, however, was eminently correct in granting the defendant’s motion for directed verdict with respect to the negligence claim in this action. In our view, no prima facie case of negligence was established herein.
Reversed and remanded for a new trial as to appellant’s malicious prosecution and abuse of process claims.