915 So.2d 652 (2005)
Edward C. CONNELLY, Sr., and Grace Miller, Appellants,
v.
OLD BRIDGE VILLAGE CO-OP, INC., Old Bridge Park Corp., Joseph Marinelli and Rose Marinelli, Appellees.
No. 2D04-4905.
District Court of Appeal of Florida, Second District.
October 12, 2005.
*653 Robert B. Burandt of Roosa, Sutton, Burandt & Adamski, LLP, Cape Coral, for Appellants.
Charles T. Ferber of Charles T. Ferber, P.A., Fort Myers, for Appellees.
CASANUEVA, Judge.
Edward C. Connelly and Grace Miller, the plaintiffs in this declaratory judgment action, appeal from the trial court's order awarding attorney's fees to the defendants, Joseph and Rose Marinelli, under section 57.105(1), Florida Statutes (2003). Section 57.105(1) authorizes an award of attorney's fees when the plaintiffs or their counsel knew or should have known that their claim against the defendant "was not supported by material facts," or "would not be supported by the application of then existing law to those material facts." This court reviews an order awarding section 57.105 attorney's fees and costs for an abuse of discretion. Gahn v. Holiday Property Bond, Ltd., 826 So.2d *654 423 (Fla. 2d DCA 2002). In this unique case, we reverse the fee award because the plaintiffs' pursuit of a declaratory decree and their decision to include these defendants were arguably supportable under the facts and law and certainly not frivolous.
This action began when Connelly and Miller purchased a mobile home in a park owned by Old Bridge Park Corp., the predecessor of the current owner, Old Bridge Village Co-Op, Inc. Rather than purchasing a lot outright, the plaintiffs, like all other lot-holders, entered into a ninety-nine-year lease and purchased a share in the Co-Op. The lots are identified by number on various drawings and sketches that the tenants have referred to throughout the years, but there are no metes and bounds descriptions of the lots, nor has there been any plotting of the lots in the traditional sense.
After the plaintiffs purchased their mobile home, they obtained a county permit to put a fence on what they had been told by the Co-Op and Old Bridge Corp. were the property lines. However, when their neighbors, the Marinellis, complained about the location of the fence, the Co-Op advised the plaintiffs that they must relocate the fence closer to their home. Because of the diminished distance between the fence and the home, the new placement allegedly violated the local zoning ordinances.
The plaintiffs then filed a lawsuit against the Marinellis, as fellow shareholders and neighbors, the Co-Op, and Old Bridge Corp. This appeal concerns only the declaratory judgment action against the Marinellis, who filed a motion to dismiss the complaint, alleging that property line disputes were not properly brought in a declaratory judgment action but should be considered in an ejectment action  if the parties were fee simple owners. Rather than ruling on the motion to dismiss, the court sent the parties to mediation, which culminated in an impasse. The plaintiffs then dismissed the Marinellis from the case, hoping that they would prevail on a count for rescission against Old Bridge Corp. and the Co-Op, which would render the declaratory judgment action moot.
After the dismissal of the action against them, the Marinellis sought attorney's fees pursuant to section 57.105, and the court granted their motion and entered an order prepared by the Marinellis' counsel. The plaintiffs' subsequent motions for rehearing and to amend their complaint to add an action for ejectment were denied. After a second hearing, the court entered a judgment for attorney's fees and costs totaling $6875 in favor of the Marinellis.
The property interests in this case are complex. The tenants in this mobile home park own their homes, which are situated on unplatted lots subject to ninety-nine-year leases. The only means of determining where one's leased property begins and another ends is by reference to sketches and drawings. Therefore, uncertainty inevitably arises concerning the boundaries and rights that the various lot-holders may exercise over their property. Although the ninety-nine-year lease may be somewhat similar to fee simple title for ad valorem tax purposes, as observed in Archer v. Marshall, 355 So.2d 781 (Fla. 1978), nevertheless the lot-holders do not possess the same certain rights and interests that they would if they were fee simple owners.
The defendants claimed, both in the trial court and in this court, that the plaintiffs could have brought an appropriate ejectment action because this is a simple boundary-line dispute and, therefore, the Marinellis should have been dismissed immediately from the case within the twenty-one days provided by section 57.105(4). The Marinellis bolster their *655 contention with the following facts: that they are not fee simple owners of the property, that they have no right to alienate it, and that Old Bridge Village Co-Op alone possesses that right. Finally, the Marinellis assert that cases such as Stark v. Marshall, 67 So.2d 235 (Fla.1953), and Petryni v. Denton, 807 So.2d 697 (Fla. 2d DCA 2002), support their view that ejectment is the appropriate cause of action.
As we noted above, this is an unusual case, and the cases cited by the Marinellis are distinguishable. Stark and Petryni concern discrepancies between the distances on a plat and the measured distances on the actual land that could be resolved with a new survey. Such is not the case here. Rather, the plaintiffs sought a legal determination of their individual rights under the master lease and other Co-Op documents, such as surveys and plot maps, that would demonstrate past use and ultimately their property line. Both the plaintiffs and the Marinellis have individual purchase agreements binding them to the master lease. Thus, there was some rationale behind the plaintiffs' decision to bring the Marinellis, as shareholders in the cooperative and adjacent lot-holders who initially complained about the placement of the fence and who would be affected by the court's decision, into an action seeking a declaration of rights.
This court discussed the propriety of invoking the court's equitable jurisdiction under the Declaratory Judgment Act in the case of Appel v. Scott, 479 So.2d 800, 802-03 (Fla. 2d DCA 1985), which involved a dispute between mobile home owners and the park owners over allegedly unconscionable rental increases:
In order to invoke jurisdiction under the Declaratory Judgment Act, the complaint must show that there is a bona fide, actual, present and practical need for the declaration; that the declaration will deal with present, ascertained or ascertainable state of facts, or present controversy as to a state of facts; that some immunity, power, privilege or right is dependent upon facts or law applicable to facts; that there is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court; and that the relief sought is not merely the giving of legal advice by the courts or the answers to questions propounded from curiosity.
Those factors are arguably present in this controversy between neighboring lot-holders. Certainly, if this suit were to proceed without the Marinellis, who initially complained, and if the court decided that the fence should be placed in a position that the Marinellis would deem adverse to them, then their omission as parties would be glaring.
Also, this case became more complex when it was submitted to mediation before a ruling on the motion to dismiss. If anything, the referral suggested that the declaratory judgment action had some validity or at least was not so devoid of merit as to be obviously and apparently unsupported by the material facts necessary to establish the claim. Finally, at some point the court and all parties (albeit with reluctance on the part of the plaintiffs) decided that the appropriate action was one for ejectment. Although the plaintiffs sought leave to amend their complaint to allege a cause of action against the Marinellis for ejectment, the trial court denied the motion and proceeded to conduct hearings on section 57.105 fees. This constituted an abuse of discretion. Even if an ejectment action were appropriate, it is still not clear that a declaratory judgment action was inappropriate because the need for the court to determine the contractual rights of the parties bound by a master lease would remain.
*656 The plaintiffs' ultimate voluntary dismissal of the Marinellis did not constitute adequate justification for section 57.105 fees. "Failing to state a cause of action is not, in and of itself, a sufficient basis to support a finding that a claim was so lacking in merit as to justify an award of fees pursuant to section 57.105." Mason v. Highlands County Bd. of County Comm'rs, 817 So.2d 922, 923 (Fla. 2d DCA 2002). The course of action available to the plaintiffs in this case was far from clear-cut. See Cowgill v. Bank of Am., 831 So.2d 241, 241 (Fla. 2d DCA 2002) (reversing an award of fees under the 2000 version of section 57.105(1) because the "claim was arguably supported by material facts and then existing law"); Read v. Taylor, 832 So.2d 219, 220 (Fla. 4th DCA 2002) (reversing an award of fees to the defendants because the plaintiffs' claims "were not so completely lacking in factual or legal basis so as to justify an award of attorney's fees pursuant to section 57.105").
We recognize that the post-1999 version of section 57.105 has greatly expanded the power of the courts to award fees against parties who assert claims or defenses without an adequate foundation in fact or law. As the Fifth District observed in Mullins v. Kennelly, 847 So.2d 1151, 1154 (Fla. 5th DCA 2003), the 1999 amendments created rights to fees in circumstances where they were previously precluded. But "[t]he revised statute, while broader than its predecessors, still is intended to address the issue of frivolous pleadings." Read, 832 So.2d at 222. There are good reasons to apply the statute with restraint, as the First District cautioned in Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 419 (Fla. 1st DCA 2002):
The courts must apply section 57.105, Florida Statutes (1999), carefully to ensure that it serves the purpose for which it was intended. If an order dismissing a claim or striking a defense routinely leads to a motion for attorney's fees, the point of the statute would be subverted and, in the end, it might even have the reverse effect of making civil litigation more expensive. The need to adjudicate multiple fee claims in the course of a single case could create conflicts between lawyers and their clients, and it could take time away from the court's main objective; that is, to resolve the controversy presented by the case.
An even more significant potential ramification of the courts' unrestrained assessment of fees is the unconstitutional infringement of our citizens' rights of access to the courts, as guaranteed by article I, section 21, of the Florida Constitution.
We understand the defendants' frustration with being brought into a lawsuit from which they were ultimately dismissed. Nevertheless, even though the Marinellis prevailed in their view that the plaintiffs should not have sued them in a declaratory judgment action, their victory does not necessarily entitle them to attorney's fees. The issue of whether the Marinellis were proper defendants was not so obvious that the plaintiffs' attorney should have known that the claim was unsupported by the material facts or the application of then-existing law to the material facts. § 57.105(1)(a),(b). Accordingly, we reverse the orders awarding attorney's fees to the Marinellis under section 57.105(1).
Reversed and remanded for further proceedings.
ALTENBERND and KELLY, JJ., Concur.