920 So.2d 180 (2006)
Donald R. PEYTON, Appellant,
v.
Clyde HORNER and Nicolette Horner, Appellees.
No. 2D04-5710.
District Court of Appeal of Florida, Second District.
February 10, 2006.
*181 Donald R. Peyton, pro se.
John K. Renke, II, New Port Richey, for Appellees.
NORTHCUTT, Judge.
Attorney Donald Peyton challenges the award of attorney's fees against him pursuant to section 57.105, Florida Statutes. We reverse because Peyton did not know, nor should he have known, that the claim he raised on behalf of his client was not supported by the material facts necessary to establish the claim.[1]
Peyton represented the Forest Lake Estates Civic Association of Port Richey, Inc., in a suit against Clyde and Nicolette Horner. The civic association sought an injunction to prevent the Horners from violating certain deed restrictions imposed on their subdivision, Forest Lake Estates Unit Four. The circuit court entered a judgment in the Horners' favor. Then, on the Horners' motion, it awarded attorney's fees under section 57.105. This statute *182 provides for the award of attorney's fees to the prevailing party in any action in which the court determines that the losing party or its attorney knew or should have known that its claim or defense was not supported by the material facts necessary to establish it.
At the outset, the parties disagree about which version of section 57.105 governs this case. The 2002 version contains a requirement not found in the 2001 version; i.e., the party seeking sanctions is required to serve a motion advising the other party of that intent prior to submitting it to the court. § 57.105(4), Fla. Stat. (2002). Because our reversal does not hinge on this requirement, we need not decide which version controls. The portion of the statute relevant to this case is the same in both. Compare § 57.105(1)(a), Fla. Stat. (2001), with § 57.105(1)(a), Fla. Stat. (2002).
On the merits of the suit, the circuit court ruled in the Horners' favor because it found that the civic association had no standing to enforce the deed restrictions in the Horners' particular subdivision, Forest Lake Estates Unit Four. The first subdivision in the development was called Forest Lake Estates. The developer recorded deed restrictions for this subdivision in Pasco County's Official Records at book 947, pages 329-336. Later, the developer recorded an "adoption of restrictions," applicable to Forest Lake Estates Unit Four. That document adopted by reference the restrictions previously recorded for the original Forest Lake Estates. It specifically referred to the official records book and pages at which the Forest Lake Estates restrictions were recorded, and it declared that the referenced restrictions were to be covenants running with the land in Forest Lake Estates Unit Four, "the same as if said restrictions were hereinafter set forth verbatim." The "adoption of restrictions" was recorded in the official records of Pasco County at book 1167, page 393.
Thereafter, the developer assigned its rights to enforce the restrictive covenants to the civic association. The assignment recited that the civic association was given the developer's "authority, powers, and rights to enforce the certain Declaration of Restrictions pertaining to Forest Lake Estates as set forth in the certain Declaration of Restrictions recorded in O.R. Book 947, beginning at page 329, Public Records of Pasco County, Florida." Attorney Peyton prepared the assignment. It did not refer to the "adoption of restrictions" recorded at O.R. book 1167, page 393.
Concerning the standing issue, the final judgment in favor of the Horners stated:
Although the restrictions sought to be enforced by Plaintiff, Forest Lake Estates Civic Association of Port Richey, Inc., may well apply to [the Horners'] property, the court concludes that Plaintiff has no authority to enforce these restrictions. The assignment Plaintiff relies on for its authority to enforce the restrictions in question only assigns such authority with respect to Forest Lake Estates, not with respect to Forest Lake Estates Unit Four. As the court sees it, the issue in this case is what authority the original developer assigned to Plaintiff, not whether or not the developer intended the restrictions in question to apply to Forest Lake Estates Unit Four. Even if the restrictions in question were intended to apply to Forest Lake Estates Unit Four, the Plaintiff simply has not been assigned the authority to enforce those restrictions as to Forest Lake Estates Unit Four, a separately platted subdivision. While it may well be that the developer intended to assign[] such authority as to Forest Lake Estates Unit Four, it does not appear to *183 the court that this result was accomplished.
The circuit court further found that, even if the association did have the authority to enforce the restrictions, it failed to prove that the Horners had violated them. The Horners' motion seeking section 57.105 attorney's fees was grounded solely on the court's determination that the association lacked standing to pursue the claim.
The civic association did not appeal the final judgment. Therefore, our task in this appeal is not to determine whether that judgment was correct. Rather, we review the circuit court's ruling that Peyton knew or should have known that the association's position that it possessed the authority to enforce the restrictions against the Horners was not supported by the material facts necessary to establish the claim. We review the court's award of section 57.105 fees for an abuse of discretion. Gahn v. Holiday Prop. Bond, Ltd., 826 So.2d 423 (Fla. 2d DCA 2002).
We note that the assignment was not artfully worded. Indeed, the language "the certain Declaration of Restrictions pertaining to Forest Lake Estates" is susceptible to two interpretations. The circuit court viewed the phrase as limiting the assigned enforcement rights to only the Forest Lake Estates subdivision. That may well be a correct interpretation.
On the other hand, the language also could be construed as merely a description of the document containing the restrictions to which enforcement rights were being assigned. The actual list of restrictions is set out only in the first recorded document, which "pertains to Forest Lake Estates" and is recorded in O.R. book 947. The "adoption of restrictions" covering Forest Lake Estates Unit Four simply incorporated the restrictions by reference without restating them. Arguably, then, to describe the restrictions themselves, the assignment needed only to refer to the original recorded document.
There can be no question that the developer had the right to enforce the restrictions recorded in O.R. book 947 in Forest Lake Estates Unit Four, because in O.R. book 1167 those restrictions are adopted for that subdivision "the same as if said restrictions were hereinafter set forth verbatim." The restrictions provided that the developer could enforce them against anyone violating or attempting to violate them. It is settled that an assignment transfers all the rights of the assignor in the thing assigned. Lawyers Title Ins. Co., Inc. v. Novastar Mortgage, Inc., 862 So.2d 793, 798 (Fla. 4th DCA 2004); Rose v. Teitler, 736 So.2d 122 (Fla. 4th DCA 1999). Thus, the assignment could be read to grant the civic association all of the developer's rights to enforce the described restrictions set forth in the document recorded at O.R. book 947, page 329. That construction of the assignment would include the right to enforce the restrictions in Forest Lake Estates Unit Four.
We reach no conclusion regarding the merits of the possible interpretations of the assignment. We merely point them out to demonstrate why section 57.105 fees should not have been awarded in this case. A court's determination that a party's interpretation of a contract is incorrect does not mean that the other party is necessarily entitled to section 57.105 fees. The post-1999 version of section 57.105 has greatly expanded the court's power to award fees when a party asserts a claim without an adequate factual foundation. Connelly v. Old Bridge Vill. Co-Op, Inc., 915 So.2d 652, 656 (Fla. 2d DCA 2005). But, as the Connelly court noted, the new statute is still intended to address frivolous pleadings. Id. (citing *184 Read v. Taylor, 832 So.2d 219, 222 (Fla. 4th DCA 2002)). The civic association's position that it could enforce the restrictions against the Horners may have been incorrect, as the circuit court found. But it was not frivolous. The issue was not so cut and dried that either the association or its attorney knew or should have known that it was not supported by the material facts necessary to establish standing. See Connelly, 915 So.2d at 656.
We reverse the judgment awarding the Horners section 57.105 attorney's fees against Donald Peyton.
ALTENBERND and WHATLEY, JJ., concur.
NOTES
[1] When section 57.105 fees are awarded, they are to be paid in equal parts by the losing party and the losing party's attorney. The parties in this case agreed that the losing party, Forest Lake Civic Association of New Port Richey, Inc., had no money or assets with which to pay fees. The judgment on appeal holds attorney Peyton liable for one-half the amount of fees the Horners sought to recover. Pursuant to Peyton's motion, this court corrected the style of this appeal to reflect that his client, the civic association, is not a party.