CRENSHAW, Judge.
Swan Landing Development, LLC, Reza Yazdani, iTi Construction, LLC, (collectively referred to as Swan Landing) and their attorneys, Leonard S. Englander and John W. Waechter, appeal a final judgment imposing sanctions and awarding attorney’s fees to First Tennessee Bank, National Association (the Bank) under section 57.105, Florida Statutes (2010). In awarding the fees, the trial court concluded that there was no basis to support Swan Landing’s postjudgment motion filed under Florida Rule of Civil Procedure 1.540(b), and it found that the Bank was entitled to recover a total of $9356.25 from Swan Landing and $9356.25 from the attorneys. Because we conclude that the trial court abused its discretion in granting the Bank’s motion for sanctions under section 57.105, we reverse.
Following a final judgment of mortgage foreclosure entered against Swan Landing *328 in favor of the Bank, Swan Landing received an audit inquiry letter confirming that they owed the Bank a balance of $357,164. This letter prompted Swan Landing’s attorneys to investigate whether the Bank had misrepresented at trial that it had given a $357,164 concession to Swan Landing for refinancing.[1] Swan Landing sought to depose the Bank’s auditor to explain the audit inquiry letter. And because the audit inquiry letter appeared to contradict a material issue contested below, Swan Landing filed a motion to set aside the foreclosure judgment under rule 1.540(b). Noting that Swan Landing’s 1.540(b) motions “allege grounds which, if proven to exist, may constitute a basis for relief under the rule,” the trial court ordered the Bank to respond. The trial court thereafter entered an order summarily denying Swan Landing’s 1.540(b) motion. Following the summary denial of the motion, the trial court granted, without an evidentiary hearing, the Bank’s motion for sanctions and attorney’s fees under section 57.105.
A trial court’s ruling on a motion for fees based on section 57.105 is reviewed by this court for an abuse of discretion. See generally Bowen v. Brewer, 936 So.2d 757, 763 (Fla. 2d DCA 2006). Section 57.105(1) provides for the award of attorney’s fees in any action:
[I]n which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
“A finding that a party is entitled to recover attorney’s fees under section 57.105 must be based upon substantial, competent evidence presented at the hearing on attorney’s fees or otherwise before the court and in the record.” Mason v. Highlands Cnty. Bd. of Cnty. Comm’rs, 817 So.2d 922, 923 (Fla. 2d DCA 2002).
We are compelled to conclude based on the facts of this case that the trial court abused its discretion in awarding fees under section 57.105. Rule 1.540(b) permits a trial court to relieve a party from a final judgment based, in part, on “newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing, ... fraud ..., misrepresentation, or other misconduct of an adverse party....” Here, the Bank’s audit inquiry letter, which was sent after entry of the final judgment of foreclosure, facially contradicted the Bank’s position at trial that the parties had agreed to a concession. And because Swan Landing’s efforts seeking an explanation of this contradiction proved unsuccessful, we conclude it was reasonable under these circumstances for Swan Landing and its attorneys to pursue the 1.540(b) motion.
We emphasize that section 57.105 should be applied with restraint “to ensure that it serves the purpose for which it was intended.” Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 419 (Fla. 1st DCA 2002). The purpose of section 57.105 “is to discourage baseless claims ... [and] not to cast a chilling effect on use of the courts.” Stevenson v. Rutherford, 440 So.2d 28, 29 (Fla. 4th DCA 1983). In this context, sec *329 tion 57.105 should not be construed to discourage a party from pursuing a color-able claim under rule 1.540. And because Swan Landing and its attorneys presented a colorable claim to support the 1.540(b) motion, we conclude that the trial court abused its discretion in granting the Bank’s motion for sanctions and fees under section 57.105. Accordingly, we reverse the award of attorney’s fees to the Bank under section 57.105.
Reversed.
NORTHCUTT, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.

. At trial, counsel for the Bank testified that the Bank had "foregone that [$]357,000,” and that the Bank "forewent,” and "agreed to that $357,000 concession.”