NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

COLLEEN J. MacALISTER,                )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D14-1549
                                      )
BEVIS CONSTRUCTION, INC., and         )
MICHAEL BEVIS,                        )
                                      )
          Appellees.                  )
_____ )

Opinion filed May 27, 2015.

Appeal from the Circuit Court for Highlands
County; J. David Langford and Peter F.
Estrada, Judges.

Colleen J. MacAlister, pro se.

Scott R. LeConey of Swain & Harris, P.A.,
Lake Placid, for Appellees.


CASANUEVA, Judge.

          Colleen J. MacAlister appeals a final judgment finding her liable for

attorneys' fees and costs in the amount of $75,771.40.  Ms. MacAlister, an attorney who

represented James DeRosa and Kathleen DeRosa in the underlying action, asserts that

the trial court erred in finding that Bevis Construction, Inc., was entitled to fees and

costs pursuant to section 57.105, Florida Statutes (2012), and erred in its determination

of a reasonable attorneys' fee amount. We conclude that the trial court erred as to entitlement and reverse, rendering moot the issue regarding the amount of fees.

This proceeding has had what can best be described as a protracted litigation history. It began with a construction contract entered into by Michael Bevis and Mr. and Mrs. DeRosa in 2004 for the construction of a home. Mr. Bevis was identified in the contract as the contractor. Mr. Bevis, however, was not a licensed contractor, and when disagreements arose over the construction contract, he filed a claim of lien against the DeRosas' property in the name of his corporation, Bevis Construction. Bevis Construction then commenced suit in January 2005 against the DeRosas in county court for breach of contract and lien foreclosure.

During the pendency of the litigation, the Department of Business and Professional Regulation began investigating Mr. Bevis for unlicensed contracting. Mr. Bevis advised the Department that he was not pursuing the DeRosas for monies owed and that he had not filed a lien against the property when, in fact, a lien had been filed. The Department issued a cease and desist order for unlicensed contracting and advised Mr. Bevis that the invalid lien must be released or he would face disciplinary action as well as possible administrative and criminal charges.

Despite advising the Department that he was seeking to release the lien, Mr. Bevis continued with the prosecution of the case against the DeRosas in county court. The lien was later released, but the release of lien was not filed in the county court case. Apparently unaware of the developments with the Department and the release of lien, the county court entered judgment in favor of Bevis Construction. Following a motion for rehearing prompting the trial court's review of the Department's

administrative file, a new trial was ordered and Bevis Construction was given thirty days to file an amended complaint against the DeRosas. Bevis Construction chose not to file an amended complaint, the case was dismissed, and the court reserved jurisdiction as to attorneys' fees. The county court found that the DeRosas were entitled to attorneys' fees, but no fees were actually awarded because no evidence was introduced as to the reasonableness and amount of the fees charged.

Next, the DeRosas began civil proceedings against both Mr. Bevis and Bevis Construction in a multicount complaint filed in circuit court. Relevant to this appeal is the count asserting malicious prosecution arising from the dismissed county court case. Among the allegations were that Mr. Bevis was not licensed, that Bevis Construction knew that the claims were barred and that the contract was entered into by Mr. Bevis individually, and that Bevis Construction nonetheless prosecuted the DeRosas in county court for more than three years. The DeRosas sought damages of prior attorneys' fees incurred in the county court case and later were granted leave to amend to include a request for an award of punitive damages.

In a motion for summary judgment directed in part at the malicious prosecution claim, Bevis Construction argued that the DeRosas were precluded as a matter of law from seeking attorneys' fees from the county court case. Bevis Construction argued that the DeRosas' claim for fees was presented to and considered by the county court, making the claim for the same damages in the malicious prosecution action an impermissible attempt at double recovery, citing Londono v. Turkey Creek, Inc., 609 So. 2d 14, 18 (Fla. 1992). This motion for summary judgment was denied.

At trial Mrs. DeRosa testified regarding the contract, the claim of lien, the prior county court proceedings, and the impact the proceedings had on the DeRosas, including the expense of attorneys' fees, the difficulty in finding subcontractors to work for them because of the problems with Mr. Bevis, being called deadbeats who did not pay their bills, and the stress of the litigation. In summary, Mrs. DeRosa stated that it had been "[e]ight years of hell." An investigator with the Department testified in support of the malicious prosecution count, recounting Mr. Bevis' acts and statements, and Mr. Bevis' prior sworn statements from the county court proceedings were presented for the jury's consideration.

Pursuant to the pretrial conference order, the DeRosas listed four witnesses who they asserted had knowledge of the personal actions and statements of Mr. Bevis which caused the DeRosas stress and harmed their reputation. However, only one of the four was called at trial and his testimony did not support the claim. This ultimately formed the primary basis of Bevis Construction's argument for section 57.105 fees.

On the third day of trial, the court took up the matter of whether prior county court attorneys' fees could be claimed as damages in the malicious prosecution claim. Bevis Construction again argued that such damages were not permissible because they had already been considered and denied. Counsel for both sides argued different interpretations of Londono. Bevis Construction's counsel argued that Londono stands for the proposition that damages considered below cannot be sought again in a malicious prosecution claim, while the DeRosas' counsel argued that Londono simply prohibited double recovery. The trial court ruled in favor of Bevis Construction,

- 4 -

concluding that the fees could not be pursued in the instant action because they were considered in the county court matter.[1]

At the conclusion of the trial, Bevis Construction moved for a directed verdict on the malicious prosecution claim. The trial court denied the motion and the matter went to the jury for determination. The jury found that Bevis Construction did not maliciously institute the county court action and, based on that finding, did not reach the issue of damages.

Thereafter, Bevis Construction sought fees pursuant to section 57.105. In its order on entitlement, the trial court found that the malicious prosecution claim "was not supported by the material facts necessary to establish the claim and further this claim was not supported by then existing law." In support of that finding, the trial court stated that "the plaintiffs offered only one witness at trial to establish malice on the part of the defendant and that witness contradicted the plaintiff's claim." Finally, the trial court found that Bevis Construction "is entitled to attorney fees in defending this claim." We conclude that the trial court's finding of entitlement is not based on substantial, competent evidence and thus constitutes an abuse of discretion requiring reversal.

Section 57.105 provides, in pertinent part:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

---

[1]We reach no conclusion regarding the merits of the possible interpretations of Londono or the trial court's ruling thereon.

(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.

"A claim is 'supported by the material facts' within the meaning of the statute when 'the party possesses admissible evidence sufficient to establish the fact if accepted by the finder of fact.' " Siegel v. Rowe, 71 So. 3d 205, 211 (Fla. 2d DCA 2011) (quoting Albritton v. Ferrera, 913 So. 2d 5, 8 n.1 (Fla. 1st DCA 2005)). In Connelly v. Old Bridge Village Co-Op, Inc., 915 So. 2d 652, 654 (Fla. 2d DCA 2005), this court reversed an award of section 57.105 fees where the plaintiffs' declaratory action claim against defendants who were later dismissed was "arguably supportable under the facts and law and certainly not frivolous." See also Peyton v. Horner, 920 So. 2d 180, 183-84 (Fla. 2d DCA 2006) (reversing judgment awarding section 57.105 fees where "[t]he issue was not so cut and dried that either the association or its attorney knew or should have known that it was not supported by the material facts necessary to establish standing").

"A finding that a party is entitled to recover attorney's fees under section 57.105 must be based upon substantial, competent evidence presented at the hearing on attorney's fees or otherwise before the court and in the record." Mason v. Highlands Cnty. Bd. of Cnty. Comm'rs, 817 So. 2d 922, 923 (Fla. 2d DCA 2002). Section 57.105 must be applied with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting "a chilling effect on use of the courts." Swan Landing Dev., LLC v. First Tenn. Bank Nat'l Ass'n, 97 So. 3d 326, 328 (Fla. 2d DCA 2012) (internal quotation marks omitted).

In an action for malicious prosecution the plaintiff must offer proof of six elements to establish a prima facie case:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

Olson v. Johnson, 961 So. 2d 356, 359 (Fla. 2d DCA 2007).  In this case, it is the fifth and sixth elements–malice and damages–which require discussion.

"In an action for malicious prosecution it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others."  Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1357 (Fla. 1994).  In this case, the DeRosas presented evidence that Bevis Construction instituted a lien foreclosure action against the DeRosas based on an invalid lien and persisted with the action knowing that the lien was invalid and had been released at the demand of the Department.  The suit was ultimately terminated in favor of the DeRosas, but only after they brought the facts involving the release of lien to the attention of the trial court.

Further, the DeRosas presented evidence that the contract was not between Bevis Construction, which filed the lawsuit, and the DeRosas; rather, it was between Mr. Bevis and the DeRosas.  The DeRosas presented evidence that Mr. Bevis was not licensed, that he clearly knew of his status, and that he had an arrangement to

- 7 -

pay Jessie Jones to obtain permits in an improper effort to avoid compliance with the licensure laws.

We conclude that there was sufficient evidence to find a lack of probable cause to bring suit and sufficient evidence to meet the requirement of legal malice. While Mr. Bevis disputed any intent to avoid compliance with the licensure laws,[2] this created a dispute of fact to be resolved by the jury, not a lack of material facts to support the claim. See Siegel, 71 So. 3d at 212 ("Where, as in this case, the losing party presents competent, substantial evidence in support of the claims or defenses presented and the trial court determines the issues of fact adversely to the losing party based on conflicting evidence, section 57.105(1) does not authorize an award of attorney's fees against the attorney for the losing party and his or her client.").

The final element is that of damages. We first note that the trial court's order does not contain a specific finding that the DeRosas failed to present evidence of damages. Were we to interpret the trial court's order as making such a finding, the record does not support it. "It is well established in Florida that where the allegations of a complaint show the invasion of a legal right, the plaintiff on the basis thereof may recover at least nominal damages . . . ." Hutchison v. Tompkins, 259 So. 2d 129, 132 (Fla. 1972); see also King v. Saucier, 356 So. 2d 930, 931 (Fla. 2d DCA 1978) ("[T]he evidence was such that a jury could have found an invasion of appellant's rights by conversion which could serve as the basis for an award of nominal damages."); Stoler v. Levinson, 394 So. 2d 462, 463 (Fla. 3d DCA 1981) (reversing directed verdict and

_____

[2]Mr. Bevis asserted that another licensed contractor, Jessie Jones, was to oversee and supervise the work, but the DeRosas presented evidence to the contrary.

- 8 -

remanding malicious prosecution and abuse of process claims for new trial, stating that although proof of business losses was somewhat vague, "other items of damages were sufficiently shown as to attorney fee costs, nominal damages and punitive damages so as to send this case to the jury").

We further observe that the trial court allowed an amendment to the pleadings to permit a claim for punitive damages. The quantum of evidence necessary to support such an amendment is a further indicator that the malicious prosecution claim was not without material fact support and was supported by then existing law. Similarly, the trial court denied Bevis Construction's motion for summary judgment, which challenged the DeRosas' claim of damages based on prior attorneys' fees. While the trial court ultimately ruled against the DeRosas and excluded any evidence of prior fees as damages, the claim was nonetheless arguably supportable under the facts and law.

In conclusion, the record does not support the trial court's finding that the malicious prosecution claim was not supported by the material facts necessary to establish the claim or by then existing law. The trial court abused its discretion in granting the motion for attorneys' fees and costs pursuant to section 57.105. We therefore reverse the final judgment awarding fees and costs pursuant to section 57.105 against Ms. MacAlister.

Reversed.


MORRIS and BLACK, JJ., Concur.