NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERT BLINN,                              )
                                           )
            Appellant,                     )
                                           )
v.                                         )          Case No. 2D14-1636
                                           )
FLORIDA POWER & LIGHT COMPANY,             )
and WEST SHORE VILLAS OF NAPLES            )
OWNERS' ASSOCIATION, INC.,                 )
                                           )
            Appellees.                     )
_____)

Opinion filed March 16, 2016.

Appeal from the Circuit Court for Collier
County; Frederick K. Hardt, Judge.

Joshua M. Bialek and Anthony R. McClure
of Porter Wright Morris & Arthur LLP,
Naples, for Appellant.

Alvin B. Davis and Digna B. French of
Squire Patton Boggs LLP, Miami, for
Appellee Florida Power & Light Company.

Christopher D. Donovan of Roetzel &
Andress, LPA, Naples (withdrew after
briefing); Robert G. Menzies of FisherBroyles,
LLC, Naples (substituted as counsel of
record), for Appellee West Shore Villas of
Naples Owners' Association, Inc.


SILBERMAN, Judge.

Robert Blinn seeks review of the order awarding Florida Power & Light Company (FP&L) attorney's fees pursuant to section 57.105(1), Florida Statutes (2013), after Blinn voluntarily dismissed his lawsuit against FP&L. Blinn's lawsuit sought an injunction and damages for trespass and nuisance based on FP&L's refusal to remove eight electric meters from the exterior wall of Blinn's single-family residence. Blinn dismissed his claims after FP&L asserted that it had the authority to install and maintain the electric meters based on a tariff and a perpetual easement. We reverse because Blinn's claims were arguably supportable under the facts and law.

In July 2000, Blinn purchased a residence in West Shore Villas of Naples that had eight electric meters affixed to the exterior wall. The electric meters, which served Blinn and seven of his neighbors,[1] were owned and maintained by FP&L. West Shore Villas of Naples Owners' Association, Inc. (the Association), owned and maintained the equipment supporting the meters.

At this time, Blinn's residence was subject to a declaration of covenants, conditions, and restrictions that had been recorded in 1992. This original declaration included a perpetual utility easement for the declarant and its successors or assigns. The Declarant was listed as Davis Boulevard Service Corporation (Davis Boulevard). In 2007, the Association recorded an amended declaration which provided that "the Original Declaration is hereby amended, restated, replaced, and superseded in its entirety and the following Amended and Restated Declaration is substituted in its place."

---

[1]At some point in time, there was a dispute as to whether the properties in West Shore Villas were actually condominiums. See § 718.103(11), Fla. Stat. (2012). This may account for the unusual placement of the electric meters.

For reasons that are not apparent from the record, the amended declaration did not include a utility easement.

Blinn considered the electric meters to be illegally mounted and unsuccessfully complained about the meters and their supporting equipment to the Association and FP&L on numerous occasions during the course of his ownership. In December 2011, FP&L replaced the electric meters with new smart meters, but the Association left the original supporting electrical equipment in place. Once again, Blinn demanded the removal of the smart meters and equipment but was refused.

In November 2012, Blinn filed a complaint against the Association asserting claims for mandatory injunction, trespass, breach of declaration of covenants, and private nuisance. Within weeks, Blinn filed an amended complaint that added FP&L as a defendant in the injunction, trespass, and nuisance counts. In January and March 2013, FP&L sent Blinn certified letters advising Blinn of its belief that he had no legal basis to pursue his claims and its intention to seek sanctions under section 57.105(1). FP&L asserted, among other things, that Blinn's claims were precluded by provisions in a tariff that had been approved by Florida's Public Service Commission and a perpetual easement. When Blinn failed to dismiss his claims, FP&L filed a motion to dismiss on the same grounds. The trial court denied the motion in May 2013.

Blinn filed a second amended complaint in September 2013 in which he maintained his claims against FP&L for mandatory injunction, trespass, and private nuisance. Blinn asserted that FP&L installed the smart meters without an easement and without Blinn's consent. He attached a copy of the amended declaration. FP&L answered that it acted under the authority of a tariff and perpetual utility easement. On

November 1, 2013, FP&L filed a motion for summary judgment on this basis. Shortly thereafter, Blinn filed a notice of voluntary dismissal as to FP&L.

The trial court subsequently awarded FP&L attorney's fees pursuant to section 57.105(1). The court found as follows:

> There is an easement that gives Florida Power & Light the right to put up these meters where they put them up, and Mr. Blinn knew that when he bought his unit. Those meters were there. They've been there for years before he bought his unit. Yet he decided to bring this lawsuit, including a claim for trespass.

This appeal ensued.

Section 57.105(1) provides for attorney's fees for the prevailing party on a claim or defense in a civil proceeding if the court determines that the losing party or the losing party's attorney knew or should have known that the claim or defense was not supported by the material facts or the application of the law. Under this standard, a trial court should not grant fees if the losing party's claim is "arguably supportable under the facts and law and certainly not frivolous." MacAlister v. Bevis Constr., Inc., 164 So. 3d 773, 776 (Fla. 2d DCA 2015) (quoting Connelly v. Old Bridge Village Co-Op, Inc., 915 So. 2d 652, 654 (Fla. 2d DCA 2005)).

"Section 57.105 must be applied with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting 'a chilling effect on use of the courts.' " Id. (quoting Swan Landing Dev., LLC v. First Tenn. Bank Nat'l Ass'n, 97 So. 3d 326, 328 (Fla. 2d DCA 2012)). The trial court's finding that a party is entitled to fees under this section must be supported by substantial, competent evidence and is reviewed for an abuse of discretion. Id.

- 4 -

The question for our review is whether Blinn or his attorneys should have known his claims had no legal merit based on the existence of a utility easement. Blinn looked to the terms of the recorded declarations to ascertain whether FP&L had a utility easement. While the original declaration contains a utility easement, the amended declaration omits that provision. The amended declaration, which was the operative document at the time FP&L installed the smart meters, also expressly provides that it supersedes the original declaration in its entirety. When confronted with FP&L's arguments on the issue, Blinn hired an expert attorney to ascertain whether FP&L had a utility easement. Blinn's expert provided an affidavit in which he averred that a records search revealed that FP&L did not have a utility easement.

FP&L defended against Blinn's allegations by asserting that the language in the amended declaration claiming to supersede the original declaration did not legally operate to extinguish the perpetual utility easement because FP&L did not consent to extinguishing the original easement. FP&L pointed to case law holding that amendment of an easement created by express grant without restriction or reservation requires the consent of both the easement and land owners. See, e.g., Entzminger v. Thornberry, 734 So. 2d 1114, 1115 (Fla. 2d DCA 1999); Ford v. Miller, 506 So. 2d 464, 465 (Fla. 2d DCA 1987). Indeed, this law appears to be applicable, and the trial court apparently relied on it to determine that FP&L had a utility easement. However, the fact that the court decided this issue in FP&L's favor does not necessarily lead to the conclusion that Blinn's claims had no arguable merit.

We conclude that Blinn did not unreasonably pursue his claims against FP&L at least to the point of the motion for summary judgment. First, the utility

easement was reserved by the original Declarant, Davis Boulevard, and its successors or assigns. Assuming that the easement survived the amendment of the original declaration, there is no record evidence that FP&L was a successor or assign of Davis Boulevard. Second, the legal issue of whether the utility easement survived amendment of the original declaration was arguably supportable under the facts and law and not frivolous. Furthermore, FP&L failed to establish that it was the owner of the utility easement.

As an alternative basis for affirmance, FP&L argues that Blinn should have known that FP&L had the authority to install the electric meters based on a tariff which contains provisions allowing FP&L access to its customer's properties to install, maintain, or inspect electric meters. However, Blinn's expert offered unrefuted testimony that the tariff was only binding on Blinn and did not authorize the placement of the other seven smart meters on Blinn's property. This testimony was based on section 2.8 of the tariff which states that access to the premises is "incident to performance under . . . [FP&L's] agreement with the Customer." Thus, it was at least arguable that the tariff did not give FP&L the authority to install seven of the eight meters on Blinn's exterior wall.

Keeping in mind the court's duty to apply section 57.105(1) with restraint, we conclude that the trial court abused its discretion in determining that FP&L was entitled to attorney's fees for defending against Blinn's claims. The issue of whether FP&L had a utility easement that authorized the installation of eight smart meters on Blinn's single-family residence was arguably supportable under the facts and law and

- 6 -

was not frivolous. We therefore reverse the order awarding FP&L attorney's fees pursuant to section 57.105(1).

Reversed.


NORTHCUTT and SALARIO, JJ., Concur.