DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MINTO PBLH, LLC,**
Appellant,

v.

**1000 FRIENDS OF FLORIDA, INC., ALERTS OF PBC, INC., ROBERT SCHUTZER** and **KAREN SCHUTZER,**
Appellees.

No. 4D16-4218

[ October 18, 2017 ]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 14CA014424.

Amy Taylor Petrick, Tara W. Duhy and Kathryn B. Rossmell of Lewis Longman & Walker, P.A., West Palm Beach, for appellant.

Robert N. Hartsell, Sarah M. Hayter and Heidi M. Mehaffey of Robert N. Hartsell, P.A., Pompano Beach, for Appellee 1000 Friends of Florida, Inc.

Ralf Brooks of Ralf Brooks Attorney, Cape Coral, for Appellees Alerts of PBC, Inc., Robert Schutzer and Karen Schutzer.

Preston Robertson, Tallahassee, for Amicus Curiae Florida Wildlife Federation.

TAYLOR, J.

The plaintiffs below, 1000 Friends of Florida, Alerts of PBC, and Robert and Karen Schutzer, unsuccessfully brought this case to challenge the consistency of certain Development Orders with the County's Comprehensive Plan. The intervenor-defendant, Minto PBLH, LLC, now appeals an order denying its motion for attorney's fees under both section 57.105 and section 163.3215(6), Florida Statutes, as to one of the plaintiffs, 1000 Friends. The other plaintiffs, Alerts and the Schutzers, and their counsel, Ralf Brookes, cross-appeal an order sanctioning them pursuant to section 57.105. We affirm as to the main appeal, and reverse as to the cross-appeal.

The standard of review of a trial court's decision on entitlement to section 57.105(1) attorney's fees is generally abuse of discretion. *Lago v. Kame By Design, LLC*, 120 So. 3d 73, 74 (Fla. 4th DCA 2013). "However, to the extent a trial court's order on fees is based on an issue of law, this court applies de novo review." *Id.*

Section 57.105(1), Florida Statutes (2016), states that a court "shall award a reasonable attorney's fee" to the prevailing party on any claim or defense in which the court finds that:

> the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1)(a)–(b), Fla. Stat. (2016).

Where there is an arguable basis in law and fact for a party's claim, a trial court may not sanction that party under section 57.105. *Kowallek v. Rehm*, 189 So. 3d 262, 263–64 (Fla. 4th DCA 2016). Courts must apply section 57.105 "with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting a chilling effect on use of the courts." *MacAlister v. Bevis Constr., Inc.*, 164 So. 3d 773, 776 (Fla. 2d DCA 2015) (internal quotation marks omitted).

Merely losing a case is not a basis for sanctions under section 57.105. *Cullen v. Marsh*, 34 So. 3d 235, 242 (Fla. 3d DCA 2010). Similarly, a court's finding that a party's interpretation of a legal document is incorrect "does not mean that the other party is necessarily entitled to section 57.105 fees." *Peyton v. Horner*, 920 So. 2d 180, 183 (Fla. 2d DCA 2006).

For purposes of this opinion, we decline to address in detail the lengthy factual and procedural history of this case. Here, it is sufficient to note that, although the plaintiffs' claims were tenuous with respect to the alleged inconsistency between the Comprehensive Plan and the college and hotel uses authorized in the Development Orders, there was at least an *arguable* basis for the plaintiffs' claims.

2

Our decision is not intended to suggest that the plaintiffs' claims were persuasive. Minto's position that the Development Orders were consistent with the Comprehensive Plan was eventually determined to be correct when this court affirmed the final summary judgment in favor of Minto. *See 1000 Friends of Fla. v. City of Westlake*, 4D16–1730, 2017 WL 2290974 (Fla. 4th DCA May 25, 2017).

Nonetheless, while the plaintiffs' contentions were not particularly strong and were ultimately determined to be incorrect, we affirm the trial court's denial of sanctions against 1000 Friends under section 57.105.[1] Our decision is guided by the need to apply section 57.105 with restraint. To rule otherwise would risk chilling access to the courts. For example, if Minto's argument were taken to its logical extreme, a losing party would be subject to sanctions under section 57.105 every time a court found that a statute or legal document was unambiguous and that the losing party's interpretation was incorrect.

On cross-appeal, we reverse the sanctions order as to the cross-appellants because (1) the claims at issue were jointly filed by all plaintiffs and were the same claims for which the trial court refused to sanction 1000 Friends, (2) as explained above, the claims at issue were not completely unsupported by material fact or existing law, and (3) the statement by counsel for the cross-appellants, upon which the trial court based the sanctions order, did not amount to a concession that he knew or should have known those claims were unsupported by material facts or existing law.

In sum, we affirm the denial of fees in the main appeal, and reverse the order granting fees in the cross-appeal.

*Affirmed as to main appeal; Reversed as to cross-appeal.*

MAY and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Moreover, the trial court properly denied sanctions against 1000 Friends under section 163.3215(6), Florida Statutes, as Minto did not make a showing that the plaintiffs' claims were brought for an improper purpose.