# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1933
Lower Tribunal No. 17-14293 CC
_____

**Amaya Lighting & Plastering, LLC,**
Appellant,

vs.

**Carlos Alberto Isla,**
Appellee.

An appeal from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Andrew T. Trailor, P.A., and Andrew T. Trailor, for appellant.

Remer, Georges-Pierre & Hoogerwoerd, PLLC, and Anthony M. Georges-Pierre, for appellee.

Before MILLER, GORDO, and LOBREE, JJ.

PER CURIAM.

Affirmed. See O'Neal v. Darling, 321 So. 3d 309, 314 (Fla. 3d DCA 2021) (quoting Swan Landing Dev., LLC v. First Tenn. Bank Nat. Ass'n, 97 So. 3d 326, 328 (Fla. 2d DCA 2012)) ("[S]ection 57.105 must be applied with restraint to ensure that it serves its intended purpose of discouraging baseless claims without casting 'a chilling effect on use of the courts.'"); Minto PBLH, LLC v. 1000 Friends of Fla., Inc., 228 So. 3d 147, 149 (Fla. 4th DCA 2017) ("Where there is an arguable basis in law and fact for a party's claim, a trial court may not sanction that party under section 57.105."); Cullen v. Marsh, 34 So. 3d 235, 242 (Fla. 3d DCA 2010) ("[M]erely losing a case on the merits is not a basis for a section 57.105 fee award."); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("[T]he record brought forward by the appellant is inadequate to demonstrate reversible error.").