DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY STEINBERG,**
Appellant,

v.

**FIESTA HOMEOWNERS ASSOCIATION, INC.,**
Appellee.

No. 4D2024-0437

[May 21, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO-23-007731.

Gary Steinberg, Margate, pro se.

Mark D. Tinker and Brandon J. Tyler of Cole, Scott & Kissane, P.A., Tampa, for appellee.

### *ON MOTION FOR CLARIFICATION*

PER CURIAM.

We grant the appellee's motion for clarification, withdraw our previous opinion issued on March 5, 2025, and substitute the following opinion in its place.

The issues raised in this appeal revolve around section 720.303, Florida Statutes (2023), which "requires homeowners' associations to maintain their official records and to provide [the records] to homeowners upon request." *Pecchia v. Wayside Estates Home Owners Ass'n, Inc.*, 388 So. 3d 1136, 1140 (Fla. 5th DCA 2024). A dispute arose between the appellant, Gary Steinberg ("Homeowner"), and the appellee, Fiesta Homeowners Association, Inc. ("Association"), over the Homeowner's request to inspect specified official records of the Association. Communications between the parties led to a lawsuit, in which the Homeowner sought statutory damages and declaratory relief related to the Association's alleged failure to make the records available. The trial court granted the Association's motion to dismiss, finding that the Homeowner lacked standing to pursue

his claim in his individual capacity, as the claim was derivative in nature, and that he did not comply with pre-suit requirements for derivative actions. The court also based dismissal, in the alternative, on a finding that the Homeowner failed to make the pre-suit demand for mediation required by section 720.311, Florida Statutes (2023).

We decline to reach the issue of whether the trial court erred in dismissing the suit based on its finding that the Homeowner's claim is derivative in nature. Instead, we affirm the dismissal based on the trial court's alternative ground that the Homeowner failed to make the pre-suit demand for mediation required by section 720.311(2)(a), Florida Statutes (2023). However, we reverse the trial court's sua sponte award of attorney's fees as a sanction.

The trial court imposed attorney's fees as a sanction pursuant to section 57.105(1), Florida Statutes (2023), finding the Homeowner's claims were devoid of merit as to the facts and the law. A trial court may award reasonable attorney's fees upon its own motion "on any claim or defense . . . in which the court finds that the losing party . . . knew or should have known that a claim or defense when initially presented to the court or at any time before trial . . . [w]as not supported by the material facts necessary to establish the claim or defense . . . or . . . [w]ould not be supported by the application of then-existing law to those material facts." § 57.105(1), Fla. Stat. (2023). In determining whether to impose such sanctions, the trial court "determines if the party or its counsel knew or should have known that the claim . . . was not supported by the facts or an application of existing law." *Tr. Mortg., LLC v. Ferlanti*, 193 So. 3d 997, 1000 (Fla. 4th DCA 2016) (quoting *Wapnick v. Veteran's Council of Indian River Cnty.*, 123 So. 3d 622, 624 (Fla. 4th DCA 2013)). The purpose of section 57.105(1) is "to deter meritless filings." *Cadavid v. Saporta*, 344 So. 3d 478, 482 (Fla. 4th DCA 2022) (quoting *Davis v. Bailynson*, 268 So. 3d 762, 769 (Fla. 4th DCA 2019)). To that end, "[c]ourts must apply section 57.105 with restraint to ensure that it 'discourag[es] baseless claims without casting a chilling effect on use of the courts.'" *Id.* (quoting *Minto PBLH, LLC, 1000 Friends of Fla., Inc.*, 228 So. 3d 147, 149 (Fla. 4th DCA 2017)).

In finding sanctions were warranted, the trial court emphasized that the Homeowner, who had represented himself, was aware based on his legal education, prior litigation between the parties, and orders entered in the prior litigation, that the instant claim was derivative in nature and thus could not be brought in his individual capacity. But the question of whether the Homeowner's claim is derivative is arguable. Thus, sanctions were not appropriate. *See Minto PBLH*, 228 So. 3d at 149 ("Where there is

2

an arguable basis in law and fact for a party's claim, a trial court may not sanction that party under section 57.105."). The Homeowner did not merely allege that the Association had failed to comply with the governing documents or to properly maintain records. He alleged that he had made a request for specific records, and that his request was not completely satisfied. Notably, the trial court did not point to any case holding that suits brought pursuant to section 720.303, and seeking relief for a homeowners association's failure to provide requested official records for inspection, are derivative in nature. And on appeal, the Association does not cite to any such case. The trial court pointed to prior trial court orders finding that the Homeowner's prior suits were derivative, but those suits did not involve an attempt to obtain official records under section 720.303. The Association also relies on the prior litigation history between the parties, even though none of that litigation involved a suit alleging the Association's failure to provide requested official records.

To the extent section 57.105 sanctions were also based on the Homeowner's failure to comply with the pre-suit mediation requirements of section 720.311(2)(a), and assuming that sanctions could be imposed under the statute on that basis,[1] we find that on this record, sanctions were not proper.[2]

We affirm the dismissal, but we reverse the sanctions. We do not address the Homeowner's other arguments, finding those arguments are without merit, not preserved, moot, and/or inadequately briefed.

*Affirmed in part, reversed in part.*

KLINGENSMITH, C.J., and CIKLIN, J., concur.
ARTAU, J., concurs in result only.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We decline to reach the broader question of whether sanctions may be imposed under section 57.105(1) for failure to comply with a condition precedent to suit, as the issue was not briefed.

[2] The trial court also referenced its "inherent authority" to impose attorney's fees as sanctions. But its findings do not support sanctions based on that ground. *See Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002) ("[T]he trial court's exercise of the inherent authority to assess attorneys' fees against an attorney must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific act of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees.").